1              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK
2  - - - - - - - - - - - - - X

3  UNITED STATES OF AMERICA,    :     CR-94-1238 (RJD)

4         v.                     :     Brooklyn, New York

5  GUISEPPE SPATOLLA,           :     April 4, 1996
                                      5:00 p.m.
6            Defendant.          :

7  - - - - - - - - - - - - - X

8

9           TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
            BEFORE THE HONORABLE ROANNE L. MANN
10               UNITED STATES MAGISTRATE JUDGE

11

12

13 APPEARANCES:

14 For the Government:        Zachary W. Carter
                             United States Attorney
15                           BY: ELIZABETH LESSER, ESQ.
                             Assistant United States Attorney
16                           225 Cadman Plaza East
                             Brooklyn, New York 11201
17

18 For the Defendant:        JOHN NICHOLAS IANNUZZI, ESQ.
                             233 Broadway
19                           New York, New York

20

21

22

23 Audio Operator:

24 Proceedings recorded by electronic sound recording,
   transcript produced by transcription service
25

1          THE CLERK:   United States versus Guiseppe Spatolla,

2    docket number CR-94-1238.   Please state your appearances for the

3    record.

4          MS. LESSER:   Should we approach --

5          THE COURT:   That's fine.

6          MS. LESSER:   Good afternoon.   Elizabeth Lesser on

7    behalf of the government.

8      [Pause in proceeding]

9          THE COURT:   Excuse me, counsel.

10         MR. IANNUZZI:   I'm sorry, Your Honor.   I'm just --

11   [Pause]   We're just in the process because we just -- Good

12   afternoon.

13         THE COURT:   Good afternoon.

14         MR. IANNUZZI:   We've just entered into -- we're

15   entering into a plea agreement.   I was just going over a couple

16   of the terms --

17         THE COURT:   Well, this matter was put on my calendar on

18   very short notice today.

19         MR. IANNUZZI:   Yes.

20         THE COURT:   And in fact, I was asked if I could do it

21   earlier and I said I could not, so I thought the parties were

22   going to be ready earlier.   I have another matter on at 5:15.

23   When was the agreement provided to defense counsel?

24         MS. LESSER:   Your Honor, we've been working on this for

25   hours and hours and days and weeks.   And I just say that because

1    we've all engaged in a good faith effort to try to resolve this.

2    We have a three-week trial starting in front Judge Dearie on

3    Monday, and all parties would like to see this resolved, and

4    we've all been working very hard.

5         We are almost there.  It will, I believe, only take us

6    a few more minutes.  This plea agreement was provided maybe 15

7    minutes ago, this particular one in its present form, but we

8    have all been working around the clock on this and we're very

9    close.  We just ask for a few more moments because I think we

10   can resolve it and avoid a lengthy trial in front of Judge

11   Dearie.  That's all we would ask, Your Honor, if that's

12   possible.

13        THE COURT:  Well, I don't know whether I'm going to be

14   able to take it until after my other matter.  You can just

15   notify Ms. Polanco --

16        MS. LESSER:  Thank you, Your Honor.

17   [Court stands in recess/Court resumes in session]

18        THE CLERK:  Criminal cause for guilty plea, United

19   States versus Guiseppe Spatolla, docket number 94-CR-1238.

20   Please state your appearances for the record.

21        MS. LESSER:  Elizabeth Lesser on behalf of the

22   government.  Again, good afternoon, Your Honor.

23        MR. IANNUZZI:  John Nicholas Iannuzzi, I-A-N-N-U-Z-Z-I,

24   233 Broadway, upon behalf of the defendant.

25        THE COURT:  Mr. Spatolla, I have before me an order of

1  referral from Judge Dearie.  Is this your signature on the

2  defendant's signature line?

3      THE DEFENDANT:  Yes, Your Honor.

4      THE COURT:  Did you read the contents of this document

5  and discuss the document with your lawyer before you signed it?

6      THE DEFENDANT:  Yes.

7      THE COURT:  I want to make sure that you do understand

8  what it is you consented to.  Do you understand that this is

9  Judge Dearie's case?  He is a United States District Court

10  Judge, and he's the Judge who will sentence you and make the

11  ultimate decision as to whether or not to accept your guilty

12  plea.  If you wish, you have the absolute right to have Judge

13  Dearie listen to your plea.  And if you choose to do that, there

14  will be no prejudice to you.  Do you understand that?

15      THE DEFENDANT:  Yes.

16      THE COURT:  On the other hand, if you wish, I will

17  listen to your plea.  I'm a United States Magistrate Judge.

18  This proceeding is being tape-recorded.  A transcript will be

19  made of the proceeding, and Judge Dearie will review it in order

20  to determine whether to accept your plea.  And he'll review it

21  in connection with your sentence.  Do you understand that?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Do you wish to give up your right to have

24  Judge Dearie listen to your plea, and proceed instead before me

25  this afternoon?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you make this decision voluntarily and

3   of your own free will?

4          THE DEFENDANT:  Yeah.

5          THE COURT:  Have any threats or promises been made to

6   you to induce you to agree to have me hear your plea?

7          THE DEFENDANT:  Yeah.

8          THE COURT:  What threats or promises have been made to

9   you to induce you --

10          THE DEFENDANT:  Threats?  No threats.

11          THE COURT:  What about promises?

12          THE DEFENDANT:  No promises.

13          THE COURT:  Well, let me ask the question again.  Have

14   any threats or promises been made to you to induce you to agree

15   to have me hear your plea?  I'm not asking now about the plea

16   agreement.  I'm simply asking about your consent to have me hear

17   your plea, as opposed to Judge Dearie.

18      [Off the record discussion between defendant and counsel]

19          THE DEFENDANT:  No.

20          THE COURT:  Let me put the question to you again

21   because the record might not have picked up what your lawyer

22   just asked you.  Have any threats or promises been made to you

23   to induce to agree to have me hear your plea, as opposed to

24   Judge Dearie?

25          THE DEFENDANT:  No.

1        THE COURT:  Mr. Spatolla, before accepting your guilty

2  plea, there are a number of questions that I have to ask you to

3  assure that it's a valid plea.  If you don't understand any of

4  my questions, please say so and I will reword the question.

5        Ms. Polanco, would you swear the defendant.

6        THE CLERK:  Yes, Your Honor.

7        GUISEPPE SPATOLLA, THE DEFENDANT, SWORN

8        THE CLERK:  Please state your full name for the record.

9  BY THE COURT:

10  Q.  Please state your full name for the record.

11  A.  Joseph Spatolla.

12  Q.  Mr. Spatolla, you should understand that, having been sworn,

13  your answers to my questions will be subject to the penalties of

14  perjury if you do not answer truthfully.  Do you understand

15  that?

16  A.  Yes.

17  Q.  Mr. Spatolla, how old are you?

18  A.  I'm 43.

19  Q.  How far did you go in school?

20  A.  Middle school.

21  Q.  Meaning you finished what grade?

22  A.  Eighth grade.

23  Q.  Are you presently or have you recently been under the care

24  of a physician or psychiatrist?

25  A.  No.

1   Q.   In the past 24 hours, have you taken any narcotic drugs,

2   medicine or pills or drunk any alcoholic beverages?

3   A.   Aspirins.

4   Q.   And I assume that the aspirins do not in any way affect your

5   ability to think clearly.

6   A.   No, Judge.

7   Q.   I'm sorry.   Can --

8   A.   No.

9   Q.   Have you ever been hospitalized or treated for narcotic

10  addiction or for any mental or emotional problem?

11  A.   No.

12  Q.   Is your mind clear now?

13  A.   Very clear.

14  Q.   Do you understand what's going on here?

15  A.   Yes.

16          THE COURT:   Mr. Iannuzzi, have you discussed the matter

17  of pleading guilty with your client?

18          MR. IANNUZZI:   I have.

19          THE COURT:   In your view, does he understand the rights

20  he'll be waiving by pleading guilty?

21          MR. IANNUZZI:   He does.

22          THE COURT:   Is he capable of understanding the nature

23  of these proceedings?

24          MR. IANNUZZI:   He is.

25          THE COURT:   Do you have any doubt as to his competence

1  to plead at this time?

2          MR. IANNUZZI:  None at all.

3          THE COURT:  Have you advised him of the maximum

4  sentence and fine that can be imposed, and have you discussed

5  with him the operation of the sentencing guidelines?

6          MR. IANNUZZI:  In detail, Your Honor.

7  BY THE COURT:

8  Q.  Mr. Spatolla, have you had an opportunity to discuss your

9  case with your attorney and are you satisfied to have him

10  represent you?

11  A.  Yes.

12  Q.  Have you received a copy of the indictment that's been filed

13  against you?

14  A.  Yes.

15  Q.  Have you consulted with your attorney about the indictment?

16  A.  Yes.

17  Q.  I understand that you're prepared to plead guilty to Count 5

18  of the indictment.  It's actually the superseding indictment.

19  Count 5 charges that you conspired or agreed with others to

20  distribute and possess with intent to distribute heroin and

21  morphine.  Do you understand that charge and have you discussed

22  it with your lawyer?

23  A.  Yes.

24  Q.  I now want to talk with you about the rights that you'll be

25  giving up by pleading guilty, but the first and most important

LASER STOCK FORM B

THE CORBY GROUP 1-800-255-5040

1    thing that you have to understand is that you do not have to

2    plead guilty even if you are guilty.  Under our system of law, a

3    defendant in a criminal case has the absolute right to plead not

4    guilty and to persist in a prior plea of not guilty.  Do you

5    understand that?

6    A.   Yes.

7    Q.   If you plead not guilty, then under the Constitution and

8    laws of the United States you're entitled to a speedy and public

9    trial by jury with the assistance of counsel on the charges

10   contained in the superseding indictment.  Do you understand

11   that?

12   A.   Yes.

13   Q.   At the trial, you would be presumed innocent and the

14   government would have to overcome that presumption and prove you

15   guilty by competent evidence and beyond a reasonable doubt.  You

16   would not have to prove that you were innocent.  And if the

17   government were to fail in its burden of proof, the jury would

18   have the duty to find you not guilty.  Do you understand that?

19   A.   Yes.

20   Q.   In the course of the trial, the witnesses for the government

21   would have to come to court and testify in your presence, and

22   your attorney would have the right to cross-examine the

23   witnesses for the government, to object to evidence offered by

24   the government and to offer evidence on your behalf.  Do you

25   understand that?

1    A.   Yes.

2    Q.   At a trial, while you would have the right to testify if you

3    chose to do so, you could not be required to testify.   Under the

4    Constitution of the United States, a defendant in a criminal

5    case can not be forced to take the witness stand at his trial

6    and say anything that could be used to show that he's guilty of

7    the crime with which he is charged.   If you were to decide not

8    to testify and your attorney requested that the Court do so, the

9    Court would instruct the jurors that they could not hold against

10   you the fact that you chose not to testify.   Do you understand

11   that?

12   A.   Yes.

13   Q.   If you plead guilty, I'll have to ask you questions about

14   what you did in order to satisfy myself and in order to satisfy

15   Judge Dearie that you are in fact guilty of the charge to which

16   you seek to plead guilty, and you'll have to answer my questions

17   and acknowledge your guilt.   In that way, you'll be giving up

18   the right that I've just described, that is, the right not to

19   say anything that would show that you're guilty of the crime

20   with which you are charged.   Do you understand that?

21   A.   Yes.

22   Q.   If you plead guilty and the Court accepts your plea, you'll

23   be giving up your constitutional right to a trial and the other

24   rights that I've just discussed.   There will be no further trial

25   of any kind and no right to an appeal.   The Court will simply

1  enter a judgment of guilty on the basis of your guilty plea.  Do

2  you understand that?

3  A.  Yes.

4  Q.  Are you willing to give up your right to a trial and the

5  other rights that I've just discussed?

6  A.  Yes.

7  Q.  I have before me a plea agreement which is a four-page

8  document.  I'm going to mark it as Court Exhibit 1.

9      [Court Exhibit 1, Plea Agreement, Marked]

10 Q.  Mr. Spatolla, is that your signature on the defendant's

11 signature line on page 4 of that document?

12 A.  Yes.

13 Q.  And did you carefully read the contents of this document and

14 discuss the agreement with your lawyer before you signed it?

15 A.  Yes.

16 Q.  And you understand all the terms and conditions of this

17 agreement?

18 A.  Yes.

19 Q.  Does this document fully and accurately reflect your

20 understanding of the agreement that you've entered into with the

21 government concerning your guilty plea?

22 A.  Yes.

23 Q.  Other than the promises that are contained in this written

24 agreement, has anyone made any other promises that have caused

25 you to plead guilty?

1  A.  No.

2  Q.  Has anyone made any promises to you as to what your sentence

3  will be?

4  A.  No.

5  Q.  I now want to discuss with you the sentencing scheme that's

6  applicable here.  The statute that you're accused of violating

7  in Count 5 of the indictment carries a maximum sentence of

8  thirty years in prison.  Until November 1, 1987, the sentencing

9  Court had complete discretion as to what sentence would be

10  imposed within those thirty years, that is, the Court could give

11  you 0, 5, 10, 20 years, whatever the Court wished, up to 30

12  years.  Do you understand me so far?

13  A.  Yes.

14  Q.  The sentencing Court no longer has such complete discretion.

15  There are presently in effect sentencing guidelines.  They're

16  really rules of law that limit the Court's discretion in

17  imposing a sentence within the 30-year range provided by

18  statute.  The guidelines limit how high a sentence can be

19  imposed and how low a sentence can be imposed.

20      In addition, there may be factors present that would allow

21  the Court to depart from the guidelines, either upwardly or

22  downwardly.  Until sentencing, when the Court receives a pre-

23  sentence report and hears from you, your lawyer and the

24  government, you can not know with certainty what the guidelines

25  will be or whether there will be grounds to depart from them.

LASER STOCK FORM B

THE CORBY GROUP 1-800-255-5040

1  Do you understand that?

2  A.  Yes.

3  THE COURT:  Now, I understand that the parties have

4  agreed to recommend a specific sentence to the Court of 151

5  months.  Has the government -- Oh, I see.  The government's

6  estimate of the sentencing guidelines is between 151 and 188

7  months?

8  MS. LESSER:  That is right, Your Honor.

9  THE COURT:  And Mr. Iannuzzi, have you done your own

10  calculation under the guidelines?

11  MR. IANNUZZI:  I have, Your Honor.

12  THE COURT:  And what the result of your calculation?

13  MR. IANNUZZI:  The sentence of between 151 and 188

14  months is certainly applicable.

15  BY THE COURT:

16  Q.  All right.  Mr. Spatolla, you hear that both the prosecutor

17  and your attorney have estimated that the guidelines range would

18  be 151 to 188 months.  I want you to understand that their

19  estimate is simply an estimate and it could be wrong.  It is not

20  binding upon the Court.  Do you understand that?

21  A.  Yes, Your Honor.

22  Q.  They have specifically agreed that a sentence of 151 months

23  is the appropriate disposition of this case, and they may have

24  reached that agreement pursuant to a rule that provides that, if

25  the Court rejects that sentence, that you must then be afforded

LASER STOCK FORM B

THE CORBY GROUP 1-800-255-5040

1   the opportunity to withdraw your plea.  Do you understand that?

2   A.   Yes.

3   Q.   And while that would give you the opportunity to withdraw

4   the plea, I want you to understand that the Court is not

5   required to sentence you to 151 months.  In other words, if the

6   Court believes that that sentence is inappropriate, you simply

7   get the right to withdraw your plea and, if you choose to go to

8   trial, to go to trial, but you do not have a right to insist

9   upon a sentence of 151 months.  Do you understand that?

10  A.   Yes.

11  Q.   You should also be aware of the fact that in paragraph 3 of

12  the agreement you have agreed not to file an appeal in the event

13  that the Court imposes the sentence specified by the parties,

14  151 months, or a sentence below that length.

15       In other words, if the Court gave you the opportunity to

16  withdraw your plea and you decided not to take that opportunity

17  and then the Court imposed a sentence higher than 151 months,

18  then you could file an appeal from your sentence, but if the

19  Court imposes a sentence of 151 months or less, even if you're

20  not happy with that sentence, you would have no right to appeal

21  or challenge that sentence.  Do you understand that?

22  A.   Yes.

23  Q.   In addition to the term of imprisonment, the sentencing

24  Court will impose a supervised release term of at least six

25  years and possibly as long as life.  The supervised release term

1   would follow any term of imprisonment.  If you were to violate a

2   condition of your release, you could then be sentenced back to

3   prison for a term equal to the period of supervised release, you

4   would not get credit for the time already spent in prison, nor

5   would you get credit for the time previously served on

6   supervised release.  Do you understand that?

7   A.   Yes.

8   Q.   I want to give you an example of how that provision would

9   operate, but I'm not predicting what will happen.  This is

10  simply an example so that you understand how the supervised

11  release term works.

12       Let's assume that Judge Dearie did, in fact, impose a prison

13  term of 151 months, and let's assume further that he imposed a

14  supervised release term of 10 years.  If you served your 151

15  months in prison and then served, for example, nine out of the

16  10 years on supervised release, if you then violated a condition

17  of your release, you could then be sent back to prison for a

18  term up to 10 years, the term of supervised release term.  You

19  would not get credit for the 151 months that you already spent

20  in prison, nor would you get credit for the nine years that you

21  already spent on supervised release.  Do you understand that?

22  A.   Yes.

23  Q.   In addition to the term of imprisonment and supervised

24  release, the sentencing Court can impose a fine of up to $2

25  million.   Do you understand that?

1  A.  Yes.

2  Q.  The sentencing Court will --

3  A.  I can't --

4  Q.  I'm sorry.

5  A.  I'm sorry.

6  Q.  The sentencing Court will impose a $50 special assessment.

7  Do you understand that?

8  A.  Yes.

9  Q.  Do you have any questions you would like to ask me about the

10  charge, your rights or anything else relating to this matter?

11  A.  No, let's do it now.

12  Q.  Well, do you have any questions that you would like to ask

13  me?

14  A.  No.

15  Q.  Are you ready to plead?

16  A.  Yes.

17       THE COURT:  Mr. Iannuzzi, do you know any reason why

18  Mr. Spatolla should not plead guilty?

19       MR. IANNUZZI:  No, Your Honor.

20       THE COURT:  Are you aware of any viable legal defense

21  to the charge?

22       MR. IANNUZZI:  No, Judge.

23  Q.  Mr. Spatolla, what is your plea to Count 5 of the indictment

24  -- the superseding indictment, guilty or not guilty?

25  A.  Guilty.

1  Q.  Are you making this plea of guilty voluntarily and of your

2  own free will?

3  A.  Yes.

4  Q.  Has anyone threatened or forced you to plead guilty?

5  A.  No.

6  Q.  Has anyone made any promise to you as to what your sentence

7  will be, other than the fact that both the prosecutor and your

8  attorney will recommend to the Court a sentence of 151 months?

9  Has anyone made any other promise to you as to what your

10  sentence will be?

11  A.  No.

12  Q.  As I said earlier, Count 5 charges that you conspired or

13  agreed with others to distribute and possess with intent to

14  distribute heroin and morphine, and that you did that in or

15  about and between January of 1994 and November of 1994.  Did you

16  in fact do that?

17  A.  Yes.

18  Q.  Would you describe to me in your own words what it is you

19  did in connection with the matters that are charged in Count 5.

20  A.  Well, I conspired with other people to sell the narcotics.

21  Q.  So you agreed that you and others would sell narcotics?

22  A.  Yes.

23  Q.  And during what period of time was this?

24  A.  '94, --

25  Q.  And --

LASER STOCK FORM B

THE CORBY GROUP  1-800-255-5040

1  A.  -- May 5th.

2  A.  -- did you meet with any of these other people in an effort

3  to make these sales, and to make arrangements for the sales?

4  A.  Yes.

5  Q.  Did any of those meetings occur in Brooklyn or Queens?

6  A.  Queens.

7  Q.  And you knew that it was wrong to do what you did?

8  A.  Yes.

9  Q.  And the drugs that you were distributing were heroin and

10  morphine?

11  A.  Yes, it was heroin.

12         THE COURT:  Ms. Lesser, does the government have any

13  further inquiry that you would like me to put to this defendant?

14         MS. LESSER:  No, Your Honor -- Actually, one question.

15  Mr. Spatolla said May 5th, and I would ask the Court to inquire

16  if that's 1994.  He may have said that.  If he didn't, I would

17  just have the record clarified --

18         THE COURT:  I didn't hear May 5th.

19         MR. IANNUZZI:  Yes.

20         MS. LESSER:  He said that, Your Honor.

21         MR. IANNUZZI:  Yes.

22         MS. LESSER:  I would just ask that you --

23         THE COURT:  I heard him say 1994 at some point.

24         MR. IANNUZZI:  Perhaps Your Honor --

25         MS. LESSER:  He later said May 5th.

LASER STOCK FORM B

THE CORBY GROUP  1-800-255-5040

1    THE COURT:  And that was in 1994?

2    THE DEFENDANT:  Yes.  That was the date of the sale.

3    THE COURT:  All right.  Is there anything further?

4    MS. LESSER:  No, Your Honor.

5    THE COURT:  All right.  Based on the information

6  provided to me, I find that Mr. Spatolla is acting voluntarily,

7  that he fully understands his rights and the consequences of his

8  plea, and that there is a factual basis for the plea.  I,

9  therefore, recommend acceptance of the plea of guilty to Count 5

10  of the superseding indictment.  Do we have a date for the --

11    THE CLERK:  One will be set by probation, Judge.

12    THE COURT:  Mr. Spatolla, the probation department will

13  be preparing a pre-sentence report for Judge Dearie.  I urge you

14  to cooperate with the probation officer.  Is there anything

15  else?

16    MR. IANNUZZI:  Your Honor, the documentation, or at

17  least the charge as read by yourself, indicated heroin and

18  morphine, and I believe that there was just heroin, and not

19  morphine.

20    THE COURT:  Well, the defendant allocuted to heroin,

21  and that is certainly sufficient to state a factual basis for

22  this plea under that charge.

23    MR. IANNUZZI:  Yes, Your Honor.

24    THE COURT:  Anything else?

25    MR. IANNUZZI:  No, Your Honor.

1          THE COURT:  Okay, thank you.

2          MS. LESSER:  Thank you, Your Honor.

3                    *  *  *  *  *

4    I, Maureen Horowitz, certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8    _____            4/26/96

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LASER STOCK FORM B

THE CORBY GROUP 1-800-255-5040

21

INDEX

| | Page |
|---|---|
| Guiseppe Spatolla, The Defendant, Sworn | 6 |

__EXHIBITS__

| | | Marked | Received |
|---|---|---|---|
| Court's | | | |
| 1 | Plea Agreement | 11 | / |

LASER STOCK FORM B

THE CORBY GROUP 1-800-255-5040